UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON KENNEWEG and GRISELDA GARIBAY,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>INDYMAC BANK, FSB; et al.,<br><br>　　　　Defendants. | 3:10-cv-0475-LRH-RAM<br><br>ORDER |

Before the court is plaintiffs Jason Kenneweg and Griselda Garibay's (collectively "plaintiffs") motion for reconsideration of the court's January 4, 2011 order of dismissal (Doc. #24[1]). Doc. #25.

**I.　Facts and Procedural History**

In November, 2006, plaintiffs purchased real property through a mortgage note and deed of trust originated by defendant Indymac Bank, F.S.B. ("Indymac"). Eventually, plaintiffs defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, plaintiffs filed a complaint in state court against defendants alleging eleven causes of action: (1) injunctive relief; (2) declaratory relief; (3) debt collection violations; (4) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (5) Nevada Unfair Lending

---

[1] Refers to the court's docket entry number.

1  Practices Act, NRS 598D.100; (6) breach of good faith and fair dealing; (7) NRS 107.080; (8) quiet
2  title; (9) fraud through omission; (10) fraud in the inducement; and (11) unjust enrichment.
3  Doc. #1, Exhibit 2.
4        In response, defendants filed a motion for summary judgment (Doc. #7) and a motion to
5  dismiss (Doc. #15) which were granted by the court (Doc. #24). Thereafter, plaintiffs filed the
6  present motion for reconsideration of the court's order of dismissal. Doc. #25.

7  **II.    Motion for Reconsideration (Doc. #25)**

8        Plaintiffs bring their motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).
9  Rule 59(e) provides that a district court may reconsider a prior order where the court is presented
10  with newly discovered evidence, an intervening change of controlling law, manifest injustice, or
11  where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*,
12  147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5
13  F.3d 1255, 1263 (9th Cir. 1993).
14        Here, plaintiffs argue that the court misapplied the legal standard concerning their claims
15  and therefore the court's order of dismissal was clearly erroneous. *See* Doc. #21. However, the
16  court finds that the plaintiffs have failed to meet their burden for reconsideration under Rule 59.
17  They have not identified any intervening change of controlling law, any misapplication of
18  precedent, or any other legal error underlying the court's order. Further, they have not identified
19  any newly discovered evidence or relevant facts suggesting manifest injustice. Rather, plaintiffs
20  provide the court with the same arguments and legal authority, including two unpublished non-
21  precedential state district court decisions, contained in their opposition to the motion for summary
22  judgment and motion to dismiss. "Reconsideration is not an avenue to re-litigate the same issues
23  and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378
24  F.Supp.2d 1280, 1288 (D. Nev. 2005) Accordingly, the court shall deny plaintiffs' motion.
25  ///
26

1     IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #25) is
2 DENIED.
3     IT IS SO ORDERED.
4     DATED this 6th day of May, 2011.

                                                _____
                                                LARRY R. HICKS
                                                UNITED STATES DISTRICT JUDGE